E-FILED
Monday, 13 June, 2022  02:04:33 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CHARLES M. EVERETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 22-cv-03074 |
| | ) | |
| ILLINOIS DEPARTMENT OF | ) | |
| FINANCIAL AND PROFESSIONAL | ) | |
| REGULATIONS, V. REEVES, | ) | |
| T. KHAN. and J. KIRBY, | ) | |
| Defendants. | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Plaintiff Charles M. Everett has filed a pro se complaint (d/e 1) against the Illinois Department of Financial and Professional Regulation and four individual Defendants who Plaintiff identifies as "medical investigators."  Plaintiff has also filed a motion to proceed in forma pauperis (d/e 2).

Plaintiff's petition to proceed in forma pauperis (d/e 2) is GRANTED.  However, a federal court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim.  28 U.S.C. § 1915(e)(2).  The Court, therefore, reviews complaints filed by plaintiffs proceeding in forma

pauperis to ensure that a federal claim is stated before sending the complaint for service.

Plaintiff's Complaint is before the Court for a merit review pursuant to 28 U.S.C. § 1915(e)(2).  This section requires the Court to dismiss an action brought in forma pauperis at any time if the Court determines that the action "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor and taking Plaintiff's pro se status into account.  Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "state a claim for relief that is plausible on its face."  Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must include a short and plain statement of the claim showing that the Plaintiff is entitled to relief.  Vicom, Inc. v. Harbridge Merchant Services, Inc., 20 F.3d 771, 775 (7th Cir.1994).  Under Rule 8, a complaint must be presented with

intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and, if so, what it is.  Id.  Failure to comply with Rule 8 can result in dismissal under § 1915(e)(2) for failure to state a claim.

Plaintiff's Complaint, which he styles as a "Memorandum of Law," asserts that Plaintiff is alleging breach of contract and requests "$885.8 million in trust (Business) and $885.8 million in cash" in damages.  Breach of contract is a state law claim, and at least one of the named Defendants is, like Plaintiff, a citizen of Illinois, so this Court lacks subject matter jurisdiction over Plaintiff's Complaint if Plaintiff is alleging only a breach of contract claim.  See 28 U.S.C. § 1332(a).

Plaintiff has filed a number of other handwritten documents with the Court in addition to his Complaint.  One of these documents mentions 42 U.S.C. § 1983, which creates a cause of action for individuals who have been deprived of their civil rights by state officials acting under the color of state law.  See d/e 4, p. 1. Because Plaintiff is proceeding pro se, the Court will liberally construe the Complaint as alleging a deprivation of civil rights under § 1983 rather than a claim for breach of contract.  However,

there is nothing in Plaintiff's Complaint, or the other documents

filed by Plaintiff, that allows the Court to clearly understand what

actions of the Defendants violated Plaintiff's civil rights.

Plaintiff refers to "incident reports" and an "Involuntary

Admission Petition" which may have been created or submitted by

the individual Defendants after an altercation between Plaintiff and

an employee of the Illinois Department of Financial and Professional

Regulation named "A. Hubbard." See d/e 1, pp. 1–2.  Attached to

Plaintiff's Complaint is a medical record from a court-ordered

psychiatric evaluation that Plaintiff underwent on July 6, 2009.

Based on that document, it appears that an Illinois court ordered a

psychiatric evaluation for Plaintiff after Plaintiff stalked and "thr[ew]

down" an Illinois government employee.  Plaintiff was diagnosed

with schizophrenia.  D/e 1, p. 4.  From these and other disjointed

and partially comprehensible factual allegations scattered

throughout Plaintiff's filings, it appears that Plaintiff was arrested in

2009 for stalking and assaulting a government official and that he

now believes there was something improper about that arrest.  But

there are limits to the liberal construction afforded to pro se

pleadings, see United States v. Chapman, 954 F.2d 1352, 1358 n. 8

(7th Cir. 1992), and without some clear statement of how Plaintiff's rights were violated and by whom the Court cannot find that Plaintiff has plausibly stated a claim for relief.

**IT IS ORDERED:**

1)      Plaintiff's Motion to Proceed in Forma Pauperis (d/e 2) is GRANTED on the grounds of indigency.

2)      Plaintiff's Complaint (d/e 1) is DISMISSED WITHOUT PREJUDICE for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).

3)      Plaintiff's pending motions (d/e 3, 4, and 5) are DENIED AS MOOT in light of the dismissal of Plaintiff's Complaint.

4)      Plaintiff may file an amended complaint no later than July 5, 2022.  Plaintiff's amended complaint should state Plaintiff's claims in a clear, concise, and comprehensible form, and should include a clear and concise summary of the factual basis for said claims.  If Plaintiff does not file an amended complaint by July 5, or if Plaintiff's amended complaint is incomprehensible, the Court will dismiss this action with prejudice.

**ENTERED:** June 10, 2022

/s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE